Dear Judge Kleinpeter:
Your request for an Attorney General's Opinion has been directed to me for research and response. You have asked the following two questions concerning Louisiana Code of Criminal Procedure Article 886:
 (1) "May a city court assess and collect civil fees for the collection of the fees or fine and cost when using Code of Criminal Procedure, Article 886?
 (2) If a civil fee may be collected, may the judge accept this as salary under LSA-R.S. 13:1874?"
Louisiana Code of Criminal Procedure Article 886, in pertinent part, states the following:
 (A) "In the event of nonpayment of a fine, or a fine and costs, within sixty days after the sentence was imposed, and if no appeal is pending, the court which imposed the sentence may sign a judgment against the defendant in a sum equal to the fine plus judicial interest to begin sixty days after the sentence was imposed, plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court. Collection of the judgment may be enforced in either criminal or civil court in the same manner as a money judgment in a civil case. . . ." (Emphasis added).
It would appear that the language, ". . . plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment . . .", would include the fees provided in the last paragraph of LSA-R.S. 13:1874(A). Accordingly, it is the opinion of this office, that when a city court seeks to collect a fine, or a fine and costs, under the provisions of Louisiana Code of Criminal Procedure Article 886, it may collect the fees provided for city court judges in LSA-R.S. 13:1874(A).
Your second question concerns whether fees assessed and collected under LSA-R.S. 13:1874 would be considered "salary" under that statute. LSA-R.S. 13:1874(A) provides, in pertinent part, as follows:
 "In addition to these salaries, they shall also receive the same fees as are payable to justices of the peace in all civil cases where the amount involved does not exceed $100, exclusive of interest, and the same fees as are payable to clerks of district courts and all other civil cases. They shall not receive any fees in criminal matters including peace bond cases." (Emphasis added).
It appears that by the language of the statute itself, the fees provided under LSA-R.S. 13:1874 are considered separate and apart from judges' salaries. Accordingly, it is the further opinion of this office that when a city court endeavors to collect a fine, or a fine and costs, it has imposed under C.Cr.P. Art. 886, and the judge is entitled to and collects the fees provided in LSA-R.S. 13:1874(A), the fees collected by the judge are to be considered as fee income to the judge, but not as salary to the judge.
I trust that the foregoing has adequately answered the questions you have asked. If however, additional information is needed, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2620s